UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| QUIANA MATHEWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:22-cv-01090-RDP-NAD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Quiana Mathews ("Plaintiff ") filed a second amended *pro se* complaint pursuant to the Federal Tort Claims Act ("FTCA"). (Doc. 35). On January 23, 2025, the Magistrate Judge entered a Report and Recommendation recommending that the court deny the United States' ("Defendant) motion for summary judgment on Plaintiff's claims for negligence and assault and battery; and that those two claims be referred to the Magistrate Judge for further proceedings. (Doc. 63 at 30). The Magistrate Judge further recommended that the court grant summary judgment in favor of Defendant on Plaintiff's remaining claim. (*Id.* at 30-31). The Magistrate Judge notified the parties of their right to file objections to the Report and Recommendation within fourteen days. (*Id*. at 32-33). On February 6, 2024, Defendant filed objections to the Report and Recommendation. (Doc. 64).

Very briefly recounted, the facts of this case revolve around Plaintiff's claim that on January 2, 2022, Officer Hinton "negligently" conducted a mattress search at a time when Plaintiff was asleep in her bed. (Doc. 35 at 4). According to Plaintiff, she was awoken by a hand touching her leg and her buttocks, then the hand grabbed her buttocks, spread them apart, and a finger penetrated Plaintiff's anus, through her underwear. (*Id*; *see also* Doc. 57-5). Plaintiff asserts injuries of pain, bruising, and bleeding. (Docs. 35 at 4; 57-5 at 2).

Although Plaintiff described the foregoing incident as a sexual assault (*see* Docs. 1 at 1; 43 at 7, 10), her second amended complaint describes the incident as a negligently conducted mattress search. (*See* Doc. 35 at 5, 9). At issue here is the FTCA's reliance on state law for liability, specifically Alabama law which defines sexual assault as falling outside the line and scope of employment. *See Shivers v. United States*, 1 F.4th 924, 928 (11th Cir. 2021) (recognizing that "the source of substantive liability under the FTCA is state law, not federal law."); *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) (noting that "unless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim."). To avoid this bar to FTCA liability, Plaintiff carefully re-crafted her claims to sound in negligence and assault and battery, rather than sexual assault.

Defendant's objections boil down to the contention that, despite Plaintiff's framing of her claims in her second amended complaint as claims for negligence and assault and battery (*see* Docs. 35; 42), Plaintiff is bound by her previous description of the January 2, 2022 incident as a "sexual assault." (*See* Doc. 64 at 4). Defendant – while recognizing that Plaintiff's second amended complaint "is the operative complaint" – argues that Plaintiff should not be able to "walk back the allegations" from her initial complaint. (*See e.g.*, Doc. 64 at 4). But, as a matter of law, the second amended complaint "superseded the former pleadings; the original pleadings were abandoned by the amendment, and were no longer a part of [the plaintiff's] averments against [her] adversaries." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (internal alterations modified); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (stating that "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). When Plaintiff filed her second amended complaint, her prior complaint "became a legal nullity." *Hoefling*, 811 F.3d at 1277. Defendant provides no basis on which the court may ignore

these basic tenets of law.

Under the FTCA, whether the United States has waived its sovereign immunity with respect to a claim hinges on the factual circumstances underlying that claim, and not the legal theory under which the claim is brought. (*See e.g.*, *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1264 (11th Cir. 2000) (quoting *Gaudet v. United States*, 517 F.2d 1034, 1035 (5th Cir. 1975))). Here, the parties' factual allegations fail to provide sufficient clarity to resolve the underlying issue. In her second amended complaint, Plaintiff alleges that Hinton negligently conducted a mattress search, during which she grabbed and spread Plaintiff's buttocks, then inserted a finger through Plaintiff's underwear into her rectum. Defendant insists that the foregoing facts allege a sexual assault; Hinton states under oath that this event never occurred. (*See* Docs. 57-19 at 3; 64).

The foregoing dispute raises genuine issues of material fact. When presented to a trier of fact, the possible, mutually exclusive outcomes are (1) a finding that Hinton sexually assaulted Plaintiff, relieving Defendant of liability, **OR** (2) a finding that the incident never occurred, again relieving Defendant of liability, **OR** (3) a finding that the incident was as described by Plaintiff in her amended pleading (a mattress search gone awry). Until these issues are resolved, the United States must remain the defendant in this action. (*See e.g.*, *Powell v. United States*, 800 F. App'x 687, 701-02 (11th Cir. 2020) (quoting *Osborn v. Haley*, 549 U.S. 225, 231 (2007) (stating that the United States remains the proper defendant until the district court determines that "the employee, in fact and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of [her] employment."))).

Having carefully considered the record in this case, the Magistrate Judge's Report and Recommendation, and Defendant's objections, the court **OVERRULES** the objections, **ADOPTS** the Magistrate Judge's Report, and **ACCEPTS** the recommendation.

Accordingly, the court **GRANTS** summary judgment in favor of Defendant United States on Plaintiff's claim for negligent supervision and **DISMISSES** that claim.

The court **DENIES** summary judgment on Plaintiff's claims for negligence and assault and battery because genuine issues of material fact remain, and **REFERS** those claims to the Magistrate Judge for further proceedings.

**DONE** and **ORDERED** this February 11, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE